MARGARET HART EDWARDS, Bar No. 65699
ROBERT L. ZALETEL, Bar No. 96262
LISA J. LIN, Bar No. 260582
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: (415) 433.1940
Facsimile: (415) 399.8490
mhedwards@littler.com
rzaletel@littler.com
llin@littler.com

DIANE L. KIMBERLIN, Bar No. 71487
LITTLER MENDELSON
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Telephone: (310) 553-0308
Facsimile: (310) 553-5583
dkimberlin@littler.com

Attorney for Defendant
THE DRESS BARN, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA TAYLOR, an individual; LINDA REAVIS, an individual; PAULA LAFAVE, an individual; on behalf of themselves, on behalf of all others similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>THE DRESS BARN, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:12-CV-10451-ODW-SH<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS PRODUCED IN DISCOVERY** |

This agreement is entered into by and between the undersigned attorneys on behalf of their respective clients, PATRICIA TAYLOR, LINDA REAVIS,

STIP. & PROTECTIVE ORDER RE
CONF. DOCS PRODUCED IN DISC.

Case No. 2:12-CV-10451 ODW-SH

1  PAULA LAFAVE and on behalf of all others similarly situated ("Plaintiffs") and
2  THE DRESS BARN, INC. ("Defendant").
3        Plaintiffs and Defendant (hereinafter "Parties") have or will request the
4  production of certain documents for inspection and copying, and will take depositions
5  in conjunction with discovery in this litigation, and
6        These documents and depositions could include sensitive, confidential
7  and/or proprietary information and records including, but not limited to, employee
8  personnel records, employee earnings records, sales figures, training materials,
9  employee contact information, and employer manuals and procedures and policy
10 manuals (hereinafter "Confidential Material").
11       Prejudice or harm could come to employees and former employees of
12 Defendant if their personal and contact information is disclosed to third parties, and
13 their rights of privacy under the California and federal constitutions could be
14 jeopardized.  Defendant could suffer harm to its business and competitive advantage if
15 its sales figures, schedules, staffing plans, policies, proprietary training materials, and
16 other confidential business information were disclosed to its competitors.  A
17 protective order is necessary to protect the interests of Plaintiffs and Defendant against
18 dissemination of confidential and proprietary information.
19       Copies of Confidential Material, including portions of depositions and
20 deposition transcripts and exhibits, will be marked "Confidential" on the document, or
21 on the record at the deposition.
22       Confidential documents and/or depositions, and deposition transcripts
23 and exhibits, all copies thereof, and any summaries, charts or notes made therefrom,
24 and any facts or information contained therein or derived therefrom, shall be disclosed
25 only to the Court and/or to: (a) the parties; (b) counsel for the parties hereto and their
26 agents, employees, paralegals, or other secretarial and clerical employees or agents;
27 (c) experts or consultants retained by one or more of the parties to this action or their
28 counsel, to assist in preparation of this action for trial; (d) deponents and their counsel;

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE
CONF. DOCS. PRODUCED IN DISC.    2.    Case No. 2:12-CV-10451 ODW SH

1  (e) stenographic reporters and videographers who are involved in depositions, the trial
2  or any hearings or proceedings before the Court in this action; and (f) potential parties
3  and/or potential witnesses at the trial of this action.

4  　　　　　No person authorized hereunder to view copies of Confidential Material,
5  or to make notes therefrom, may disclose any portion of the subject matter or contents
6  of either to any person not authorized hereunder. Experts and consultants and
7  witnesses shown Confidential Material must sign the attached acknowledgement
8  agreeing to be bound by this Order.

9  　　　　　The Confidential Material, copies of any portion of the Confidential
10 Material itself, and all notes arising from examination of said Confidential Material, as
11 well as discussions of the contents therein, shall be used only in connection with the
12 instant case, and shall not be used in connection with any other lawsuit or for any
13 other purpose whatsoever, unless such Confidential Material is independently
14 discovered in another proceeding. Within 180 days following the conclusion of this
15 action, including appeals, if any, the parties and their counsel, upon written request of
16 the other party, shall destroy or return all Confidential Materials and provide notice to
17 the other parties' attorneys of record.

18 　　　　　This Protective Order is without prejudice to reconsideration by the Court
19 as discovery continues.

20 　　　　　The Parties may request that Confidential Material be filed under seal.
21 However, any such request shall be subject to approval by the Court, for "compelling
22 reasons," upon noticed motion, pursuant to Local Rule 141, under the standards set
23 forth in *Kamakana v. Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006).

24 　　　　　Any Party may move the Court for relief from, or modification of, this
25 order at any time, and each Party reserves the right to contend in any such motion that
26 documents produced by another Party and information contained therein are not
27 confidential. This stipulation does not constitute an admission as to the admissibility
28 of any Confidential Material at trial.

LITTLER MENDELSON, P.C
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE
CONF. DOCS. PRODUCED IN DISC.          3.          Case No. 2:12-CV-10451 ODW SH

In the event any third parties serve a subpoena or document request in other litigation to a party holding Confidential Material in this case, the party subject to the subpoena or document request will promptly notify the other party that produced the Confidential Material to allow that party to file objections or otherwise attempt to prevent disclosure of the Confidential Material to the third party, and will not produce the Confidential Material to the third party until legally required to do so.

The Parties agree to act in good faith in designating Confidential Material and agree not to use this Stipulation for any purpose other than as stated herein. The parties agree to make a good faith determination that any information designated "confidential" truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "Confidential" must be narrowly tailored to include only materials for which there is good cause.

DATED: January 22, 2013

*/s/ R. L. Zaletel*
ROBERT L. ZALETEL
LITTLER MENDELSON, P.C.

Attorneys for Defendant
THE DRESS BARN, INC.

DATED: January 22, 2013

*Andrew J. Sokolowski*
ANDREW J. SOKOLOWSKI
Law Office of Andrew Sokolowski

Attorneys for Plaintiffs
PATRICIA TAYLOR, LINDA REAVIS, PAULA LAFAVE

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE CONF. DOCS. PRODUCED IN DISC.    4.    Case No. 2:12-CV-10451 ODW SH

## [PROPOSED] ORDER

For good cause appearing, it is SO ORDERED.

Dated: 1-23-13

_____
DISTRICT COURT JUDGE

MAG

Firmwide:117306252.1 050860.1047
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIP. & PROTECTIVE ORDER RE CONF. DOCS. PRODUCED IN DISC.    5.    Case No. 2:12-CV-10451 ODW SH